IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Inna Yaroslavovna Bechdoldt,                    Civ. No. 10-1041-AA
                                                OPINION AND ORDER
    Plaintiff,

  v.

Robert J. Loveland and
Franklin Dale Bechdoldt,

    Defendants.
_____

Inna Yaroslavovna Bechdoldt
12440 SW Center Street
Beaverton, OR 97005
    Plaintiff Appearing Pro Se

Patrick L. Hadlock,
Larry W. Stuber
Ringo, Stuber, Ensor and Hadlock, P.C.
605 SW Jefferson Avenue
Corvallis, OR 97333
    Attorneys for defendant Franklin
    Dale Bechdoldt

AIKEN, Chief Judge:

    Defendant, Franklin Dale Bechdoldt ("defendant"), filed a

1 - OPINION AND ORDER

motion to dismiss against plaintiff's Complaint. Defendant's motion is denied.

## BACKGROUND

Plaintiff, Inna Yaroslavovna Bechdoldt, filed this action against psychologist and former parenting time coordinator, Robert J. Loveland and former husband, Franklin Dale Bechdoldt. Plaintiff alleges three claims arising out of a family law dispute concerning her parenting time allocation. Her claims include: 1) deprivation of equal protection in violation of her Fourteenth Amendment rights under the U.S. Constitution, pursuant to 42 U.S.C. § 1983; 2) civil conspiracy to further deprive plaintiff of her constitutional rights, pursuant to 42 U.S.C. § 1985; and 3) abuse of power and medical privacy violation. Defendant Franklin Dale Bechdoldt moves to dismiss the claims against him.

## STANDARDS

Under Fed. R. Civ. P. 12(b)(6), once a claim has been stated adequately, it may be supported by "showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). See also, Litchfield v. Spielberg, 736 F.2d 1352, 1357 (9th Cir. 1984), cert. denied, 470 U.S. 1052 (1985). The complaint must allege, however, "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. For the purpose of the motion to

dismiss, the complaint is liberally construed in favor of the plaintiffs, and its allegations are taken as true. <u>Rosen v. Walters</u>, 719 F.2d 1422, 1424 (9th Cir. 1983).

DISCUSSION

Defendant argues that this court should abstain under <u>Younger v. Harris</u>, 401 U.S. 37 (1971), and dismiss plaintiff's complaint because the federal action interferes with the ongoing dispute regarding parenting time in state court. I agree that this court should abstain; however, this court's abstention must result in a stay of federal court proceedings rather than a dismissal.

In <u>Younger</u>, the Supreme Court "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings." <u>Columbia Basin Apartment Ass'n v. City of Pasco</u>, 268 F.3d 791, 799 (9th Cir. 2001) (citing <u>H.C. v. Koppel</u>, 203 F.3d 610, 613 (9th Cir. 2000) (internal quotations omitted)). Absent extraordinary circumstances, <u>Younger</u> dictates that a federal district court must abstain from exercising jurisdiction when: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) the state proceedings provide the plaintiff with an adequate opportunity to raise federal claims." <u>Meredith v. Oregon</u>, 321 F.3d 807, 816 (9th Cir. 2003). Although <u>Younger</u> involved pending state criminal proceedings, the <u>Younger</u> abstention doctrine has been expanded to apply to state administrative and civil

3 - OPINION AND ORDER

proceedings as well. See, e.g., Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc., 477 U.S. 619, 627 (1986). Moreover, Younger abstention applies to damages suits as well as equitable or declarative relief actions that turn on a constitutional challenge to pending state court proceedings; however, damages suits are different in that "the relief is not discretionary, and it may not be available in the state proceeding." Gilbertson v. Albright, 381 F.3d 965, 980 (9th Cir. 2004). Thus, "federal courts should not dismiss actions where damages are at issue; rather, damages actions should be stayed until the state proceedings are completed."[1] Id. at 968.

   A. Application of the Younger abstention doctrine

      I. Ongoing state judicial proceeding

   Plaintiff contends there are no ongoing state judicial proceedings; however, evidence in the record indicates an ongoing dispute regarding parenting time, with orders filed as recently as October 22, 2010, demanding that Benton County Circuit Court retain jurisdiction over the selection of a parenting time coordinator and the development and implementation of an appropriate parenting plan. Def. Franklin Bechdoldt's Br., 2. Generally, a court may not consider any material beyond the

---

[1] "To stay instead of to dismiss the federal action preserves the state's interests in its own procedures, the federal plaintiff's opportunity to seek compensation in the forum of his choice, and an appropriate balance of federal-state jurisdiction." Gilbertson, 381 F.3d at 984.

4 - OPINION AND ORDER

pleadings in ruling on a Rule 12(b)(6) motion; however, a court may take judicial notice of "matters of public record." See Lee v. Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001) (internal citations omitted); U.S. v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003). As such, this court takes judicial notice of the Benton County Circuit Court's order. Moreover, whether plaintiff has also raised her specific constitutional claims in state court is not dispositive. "Failure to exhaust state appellate remedies satisfies the requirement that there be 'ongoing judicial proceedings' in order to justify federal abstention." See e.g., World Famous Drinking Emporium, Inc. v. City of Tempe, 820 F.2d 1079, 1082 (9th Cir. 1987) (citing Huffman v. Pursue, Ltd., 420 U.S. 592, 608-09 (1975)). Thus, the first element of the Younger abstention doctrine is satisfied.

      II. State interests are implicated

The Ninth Circuit recognizes the application of Younger abstention in domestic relations actions. See Coats v. Woods, 819 F.2d 236 (9th Cir. 1987). The Ninth Circuit stated:

> [t]he strong state interest in domestic relations matters, the superior competence of state courts in settling family disputes because regulation and supervision of domestic relations within their borders is entrusted to the states, and the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state makes federal abstention in these cases appropriate.

Coats v. Woods, 819 F.2d 236, 237 (9th Cir. 1987) (citing Peterson v. Babbitt, 708 F.2d 465, 466 (9th Cir. 1983)).

5 - OPINION AND ORDER

This case, while raising constitutional issues, is at its core, a family law dispute concerning the proper allocation of parenting time. Given the state courts' strong interest in domestic relations, I find that the second element of the Younger abstention doctrine is satisfied.

### III. State proceedings provide plaintiff with an adequate opportunity to raise federal claims

State courts of general jurisdiction have inherent authority and are presumed competent to adjudicate claims invoking federal statutes. Nevada v. Hicks, 533 U.S. 353, 366 (2001). Similarly, pursuant to the Oregon Constitution, "circuit courts have subject matter jurisdiction over all actions unless some statute or other source of law divests them of jurisdiction." Longstreet v. Liberty Northwest Ins. Corp., 238 Or. App. 396, 245 P.3d 656, 658 (2010) (citing State v. Terry, 333 Or. 163, 186, 37 P.3d 157 (2001), cert. den., 536 U.S. 910 (2002)).

Moreover, plaintiff offers no argument as to why the state court could not properly entertain her claims, including constitutional claims, arising from the parenting time proceeding. When a plaintiff has not attempted to present her federal claims in related state court proceedings, "a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987). As such, I find that the third element of the Younger abstention doctrine is

6 - OPINION AND ORDER

satisfied.

B. Extraordinary Circumstances

Younger does not require abstention where the state proceeding "is motivated by a desire to harass or is conducted in bad faith, or where the challenged statute is flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." Gilbertson, 381 F.3d at 983 (citing Huffman, 420 U.S. at 611)(internal quotations omitted). Here, plaintiff does not suggest that the state proceeding itself is intended to harass her or that the Benton County Circuit Court has conducted the proceeding in bad faith. Furthermore, plaintiff does not challenge any state statute as wholly unconstitutional. Thus, I find no exception to the Younger doctrine.

Because I find that Younger is satisfied, and no exception applies to the facts of this case, I hold that abstention under Younger is appropriate as to defendant Franklin Dale Bechdoldt; however, as this suit involves damages, plaintiff's complaint is stayed until the completion of state judicial proceedings.

///
///
///
///
///
///

7 - OPINION AND ORDER

CONCLUSION

For the reasons stated above, defendant's motion to dismiss (doc. 44) is denied; however, plaintiff's complaint is stayed until the completion of state court proceedings. The parties are ordered to file a written status report with the court by June 6, 2011. IT IS SO ORDERED.

Dated this  9   day of March 2011.


             /s/ Ann Aiken
                Ann Aiken
       United States District Judge


8 - OPINION AND ORDER