IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Inna Yaroslavovna Bechdoldt,                    Civ. No. 10-1041-AA
                                                OPINION AND ORDER
          Plaintiff,

     v.

Robert J. Loveland; and
Franklin Dale Bechdoldt;

          Defendants.
_____

Inna Yaroslavovna Bechdoldt
12440 SW Center Street
Beaverton, OR 97005
     Pro Se Plaintiff

Paul A. Cooney
David J. Madigan
Cooney and Crew, L.L.P
4949 Meadows Road, Suite 460
Lake Oswego, OR 97035
     Attorneys for defendant
     Robert J. Loveland

Larry A. Brisbee
Daniel C. Cotton
Brisbee & Stockton, L.L.C.
139 N.E. Lincoln Street
P.O. Box 567
Hillsboro, OR 97123
     Attorneys for defendant
     Franklin Dale Bechdoldt

1 - OPINION AND ORDER

AIKEN, Chief Judge:

Defendants Franklin Dale Bechdoldt and Dr. Robert Loveland move, separately, for summary judgment on plaintiff Inna Yaroslavovna Bechdoldt's claims. See Fed. R. Civ. P. 56. Plaintiff filed a cross-motion for summary judgment. For the reasons set forth below, defendants' motions are granted; plaintiff's motion is denied, and this case is dismissed.

## BACKGROUND

Plaintiff, who is a naturalized United States citizen of Russian descent, is the non-custodial parent of two children, a daughter and a son. Franklin Bechdoldt ("Mr. Bechdoldt") is plaintiff's ex-husband and the custodial parent of their children. When plaintiff and Mr. Bechdoldt divorced in 2004, plaintiff was awarded custody of the children. In 2006, in response to allegations of child abuse, Benton County Circuit Court ("Benton County") removed the children from plaintiff's custody and awarded emergency custody to Mr. Bechdoldt. Benton County held a court proceeding pursuant to this action.

At the proceeding, plaintiff's status as custodial parent was changed to non-custodial parent and her parenting time was limited. That change was "approved by and coordinated by" the Oregon Department of Human Services, Child Welfare Division ("DHS"). After investigating the alleged child abuse, DHS

2 - OPINION AND ORDER

restricted plaintiff's contact with her daughter to "no contact," and with her son to "supervised contact." Subsequently, Mr. Bechdoldt was named the children's custodial parent by Benton County.

After DHS restricted plaintiff's contact with her children, she did not see her daughter for over a year and saw her son a few times, during scheduled supervised visitations. In 2007, Benton County issued an order requiring defendant Dr. Robert Loveland ("Dr. Loveland"), a court appointed custody evaluator and parenting time coordinator, to complete a custody evaluation in order to determine plaintiff's future contact with her children. Dr. Loveland is a clinical psychologist whose practice focuses on providing comprehensive custody and parenting plan evaluations to families who are in dispute in the family court system. Dr. Loveland completed his study in 2008 and concluded that, to ensure the safety of the children, permanent and sole custody should remain with Mr. Bechdoldt. Dr. Loveland did, however, recommend that the children be reunited with plaintiff, using a phased-in reunification process, from supervised to unsupervised visitation.

After performing his evaluation, Dr. Loveland was appointed pursuant to state statute by Benton County to serve as the family's parenting time coordinator. See Or. Rev. Stat. 107.425(3)(a). As parenting time coordinator, Dr. Loveland

3 - OPINION AND ORDER

devised a plan that implemented his recommendation for a phased in reunification between plaintiff and the children.  The parenting time plan provided that plaintiff's allocated parenting time would depend on the best interests of the children, with the final goal being plaintiff's regularly scheduled unsupervised visitation with her children.  Dr. Loveland's proposed plan was presented to a Benton County Judge, plaintiff and Mr. Bechdoldt, and their respective legal counsel.  All parties agreed to Dr. Loveland's proposed parenting plan.

During the phase in process, which began in mid-2008, Dr. Loveland continued to work with the family, monitoring the re-unification between plaintiff and her children and addressing conflicts that arose between plaintiff and Mr. Bechdoldt. Although plaintiff's parenting time gradually increased as planned, she was unsatisfied with the amount of time and conditions under which she was able to see her children. Accordingly, plaintiff filed a complaint against Dr. Loveland with the Oregon Board of Psychologist Examiners.  Once plaintiff instituted that action, Dr. Loveland removed himself from his role as parenting time coordinator for the family.

Before Dr. Loveland removed himself, he recommended that the parents continue to follow the established parenting plan. Benton County then ordered the parents to abide by the parenting plan.  According to plaintiff, however, Mr. Bechdoldt refused to

4 - OPINION AND ORDER

abide by the parenting plan once Dr. Loveland was removed, and
prevented plaintiff from seeing the children.

As a result, in January 2011, plaintiff filed the action at
bar, asserting three claims against defendants. First, plaintiff
alleges both defendants deprived her of her Constitutional right
to companionship of her children under 42 U.S.C. § 1983. Second,
she contends that defendants engaged in a civil conspiracy to
deprive her of her Constitutional right to companionship of her
children under 42 U.S.C. § 1985(3). Third, plaintiff argues that
Dr. Loveland violated several state laws, including breach of
contract and violation of her medical privacy.

                              STANDARD

Summary judgment is appropriate "if the pleadings,
depositions, answers to interrogatories, and admissions on file,
together with the affidavits, if any, show that there is no
genuine issue as to any material fact and that the moving party
is entitled to a judgment as a matter of law." Fed. R. Civ. P.
56(a). Substantive law on an issue determines the materiality of
a fact. T.W. Electrical Service, Inc. v. Pacific Electrical
Contractors Assoc., 809 F.2d 626, 630 (9th Cir. 1987). Whether
the evidence is such that a reasonable jury could return a
verdict for the nonmoving party determines the authenticity of a
dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248
(1986).
5 - OPINION AND ORDER

The moving party has the burden of establishing the absence

of a genuine issue of material fact. Celotex Corp. v. Catrett,

477 U.S. 317, 323 (1986). If the moving party shows the absence

of a genuine issue of material fact, the nonmoving party must go

beyond the pleadings and identify facts which show a genuine

issue for trial. Id. at 324.

Special rules of construction apply when evaluating summary

judgment motions: (1) all reasonable doubts as to the existence

of genuine issues of material fact should be resolved against the

moving party; and (2) all inferences to be drawn from the

underlying facts must be viewed in the light most favorable to

the non-moving party. T.W. Electrical, 809 F.2d at 630

## DISCUSSION

### 1. Section 1983 Claim Against Mr. Bechdoldt

Plaintiff alleges that Mr. Bechdoldt deprived her of her

Constitutional right of companionship of her children by refusing

to allow her to see her children, in violation of the parenting

plan established by Dr. Loveland. Plaintiff asserts that when

Dr. Loveland removed himself as parenting time coordinator, Mr.

Bechdoldt ceased complying with the established parenting plan

and instead made his own decisions regarding when plaintiff could

see their children. Plaintiff argues that because Mr. Bechdoldt

6 - OPINION AND ORDER

was substituting his judgement for that of the court appointed
custody evaluator, he was acting under color state of law.

Relief under § 1983 requires a plaintiff to plead the
following: (1) defendant was acting under color of state law; and
(2) defendant deprived plaintiff of rights secured by the
Constitution or federal statutes. Gibson v. U.S., 781 F.2d 1334,
1338 (9th Cir. 1986). Accordingly, "under color of state law"
excludes from its reach merely private conduct. American Mfrs.
Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999). As such,
private citizens generally do not act under the color of state
law. See Sutton v. Providence St. Joseph Medical Cntr., 192 F.3d
826, 835 (9th Cir. 1999)(for purposes of § 1983, court starts
with presumption that private conduct does not constitute
governmental action); Morse v. North Coast Opportunities, Inc.,
118 F.3d 1338, 1340 (9th Cir. 1997)(individuals are not normally
liable for violations of most rights secured by the
Constitution).

Here, viewing the facts in a light most favorable to
plaintiff, I find that Mr. Bechdoldt made an independent decision
to deviate from the court-ordered parenting plan, as there is
nothing in the record to indicate that Mr. Bechdoldt exercised
power possessed by virtue of state law or acted under the
authority of state law. Instead, the facts show that Mr.
Bechdoldt allegedly decided to ignore the parenting plan set
7 - OPINION AND ORDER

forth by Dr. Loveland and Benton County. Therefore, the Court determines that Mr. Bechdoldt was acting solely as a private citizen. Defendant Mr. Bechdoldt's motion for summary judgment is granted as to plaintiff's § 1983 claim; plaintiff's cross-motion on this issue is denied.

## 2. Section 1983 Claim Against Dr. Loveland

Plaintiff next asserts that Dr. Loveland violated her Constitutional right to companionship with her children by recommending limited contact with plaintiff and her children, as defined by the parenting plan. Plaintiff also contends that Dr. Loveland violated her Fourteenth Amendment Due Process rights by not including a minimal amount of parenting time to which she, as non-custodial parent, was entitled to in the parenting plan. Dr. Loveland argues that he is entitled to immunity because he was performing a judge-like function as an arm of the court when he was serving both as the custody evaluator and parenting time coordinator.

Traditionally, "judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). If the defendant in a § 1983 suit is entitled to absolute immunity, then the claim is defeated at the outset. Imbler v. Pachtman, 424 U.S. 409, 419 n. 13 (1976). The Ninth Circuit has explicitly ruled that because

8 - OPINION AND ORDER

these individuals perform judge-like functions, "court mediators
of custody and visitation disputes are entitled to absolute
immunity from § 1983 damage actions for conduct that is part of
their official duties." See Meyers v. Contra Costa Cnty. Dep't
of Soc. Servs., 812 F.2d 1154, 1158-59 (9th Cir. 1987).

In Meyers, a non-custodial parent sued counselors of the
"Family Conciliation Court," an arm of the state court system,
for deprivation of his Constitutional right to companionship of
his child in violation of § 1983. The counselors'
responsibilities were established by statute and encompassed:
"mediation of custody disputes, investigating matters pertaining
to such disputes, and providing reports to the courts." Id. As a
result of their work, the counselors determined that the
plaintiff should not be the custodial parent and, thus,
restricted his parenting time. Meyers held that defendants, "as
officers of the court," were entitled to "absolute immunity in
the performance of duties authorized by the statute." Id. at
1159. Even though the plaintiff in Meyers alleged that certain
actions taken by the counselors violated court orders, the court
held that absolute immunity would be waived only if those actions
were "clearly and completely outside the scope of the counselors'
jurisdiction." Id. (quoting Demoran v. Witt, 781 F.2d 155, 158
(9th Cir. 1985)).

Similar to the counselors in Meyers, Dr. Loveland was employed by the state court system to perform duties established by statute. Dr. Loveland had the authority to provide services to the court which included gathering information, monitoring compliance with court orders, recommending parenting plans, providing conflict management services, and using mediation skills to assist parents in creating and implementing parenting plans. See Or. Rev. Stat. § 107.425(3)(a). Like the defendants in Myers, Dr. Loveland also made a determination that plaintiff should not be the custodial parent and imposed limited parenting time. This decision was clearly within the scope of his authority pursuant to Or. Rev. Stat. § 107.425(3)(a); further, all parties, including plaintiff agreed to his recommended plan. Dr. Loveland, therefore, has absolute immunity from plaintiff's § 1983 claim. Accordingly, defendant's motion for summary judgment is granted in regard to plaintiff's § 1983 claim against Dr. Loveland; plaintiff's cross-motion for summary judgment on this issue is denied.

## 3. Section 1985 Claim Against Mr. Bechdoldt and Dr. Loveland

Plaintiff next contends that Mr. Bechdoldt and Dr. Loveland conspired to deprive her of her Constitutional right to companionship of her children pursuant to 28 U.S.C. § 1985(3) because she is originally from Russia. Specifically, plaintiff argues that the defendants took advantage of her ignorance of the

10 - OPINION AND ORDER

laws of the United States to conspire against her.  Defendants
assert that because plaintiff does not have a cognizable claim
under § 1983, her § 1985(3) claim cannot stand.

    To establish a violation of § 1985(3), a plaintiff must
allege: "(1) the existence of a conspiracy to deprive the
plaintiff of the equal protection of the laws; (2) an act in
furtherance of the conspiracy; and (3) a resulting injury."
Addisu v. Fred Meyer, Inc. 198 F.3d 1130, 1141 (9th Cir. 2000).

    First, a plaintiff must allege both a conspiracy and an
intent to deprive the plaintiff of equal protection under the
law.  Id.  To establish a conspiracy, a § 1985(3) claim "must
allege facts to support the allegation that defendants conspired
together.  Mere allegation of conspiracy without factual
specificity is insufficient."  Karim-Panahi v. L.A. Police Dep't,
839 F.2d 621, 626 (9th Cir. 1988).  Factual specificity exists
when plaintiff can show "an agreement or meeting of the minds to
violate Constitutional rights . . . and each party must at least
share the common objective of the conspiracy."  United
Steelworkers v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th
Cir. 1989)(en banc)(internal quotation and citation omitted).

    Here, plaintiff alleges Dr. Loveland and Mr. Bechdoldt
conspired to coerce plaintiff into agreeing to Dr. Loveland's
appointment as parenting time coordinator, resulting in denying
plaintiff the opportunity to spend time with her children at the
11 - OPINION AND ORDER

request of Mr. Bechdoldt. Although plaintiff alleges a
conspiracy, she does not introduce any facts showing a meeting of
the minds between the defendants; she does not show that either
party shared the common objective of the conspiracy.

The facts, even when viewed in the light most favorable to
plaintiff, actually demonstrate that Dr. Loveland encouraged
plaintiff and her children to reunite: as a custody evaluator,
Dr. Loveland determined that the children should be reunited with
plaintiff; as a parenting-time coordinator, Dr. Loveland created
a plan that allowed plaintiff to be reunited with her children,
and by following the plan, the amount of time plaintiff spent
with the children was scheduled to increase over time.
Therefore, even if Mr. Bechdoldt sought to prevent plaintiff from
seeing her children, there is no evidence that Dr. Loveland
shared in this objective. As such, plaintiff failed to meet the
first element of a § 1985(3) claim.

Plaintiff is unable to establish this first element of a
claim of conspiracy under 1985(3), subsequently, her claim fails.
Therefore, defendant's motion for summary judgment on plaintiff's
claim pursuant to § 1985(3) is granted; plaintiff's cross-motion
for summary judgment on this issue is denied.

## 4. State Law Claims Against Dr. Loveland

I need not consider plaintiff's remaining state law claims

12 - OPINION AND ORDER

alleged against defendant as I decline to exercise supplemental

jurisdiction over those remaining claims. Title 28 U.S.C. § 1367

provides the basis for supplemental jurisdiction:

> Except as otherwise provided in subsection (b) and (c)
> or as expressly provided otherwise by Federal statute,
> in any civil action of which the district courts have
> original jurisdiction, the district courts shall have
> supplemental jurisdiction over all other claims that are
> so related to claims in the action within such original
> jurisdiction that they form part of the same case or
> controversy under Article III of the United States
> Constitution.

Subsection (c) of 28 U.S.C. § 1367 gives the court discretion to

"decline to exercise" supplemental jurisdiction in various

circumstances including when "the district court has dismissed

all claims over which it has original jurisdiction." 28 U.S.C. §

1367(c)(3).

That is exactly the situation at bar. Here, defendants have

filed a motion for summary judgment against plaintiff's federal

claims, which the court has granted. Remaining, are state law

claims against defendant. This court declines to exercise

jurisdiction over any remaining state law claim. Therefore, this

complaint is dismissed in its entirety.

## CONCLUSION

For the reasons set forth above, Dr. Loveland's motion for

summary judgment (doc. 57) is GRANTED. In addition, Mr.

Bechdoldt's motion for summary judgment (doc. 86) is GRANTED.

Finally, plaintiff's cross motion for summary judgment (doc. 72)

is DENIED. Defendants' request for oral argument is denied as

unnecessary.  This case is dismissed and all pending motions are
denied as moot.

     IT IS SO ORDERED.
     Dated this _30th_ day of ~~December~~ November 2011.

                         Ann Aiken
             United States District Judge

14 - OPINION AND ORDER